IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

GARY L. MAGNER,

        Plaintiff,

vs.                              Case No. 16-4112-SAC

NANCY A. BERRYHILL,
Acting Commissioner of
Social Security,[1]

        Defendant.

MEMORANDUM AND ORDER

This is an action reviewing the final decision of the Commissioner of Social Security denying the plaintiff disability insurance benefits and supplemental security income payments. The matter has been fully briefed by the parties.

**I. General legal standards**

The court's standard of review is set forth in 42 U.S.C. § 405(g), which provides that "the findings of the Commissioner as to any fact, if supported by substantial evidence, shall be conclusive." The court should review the Commissioner's decision to determine only whether the decision was supported by substantial evidence and whether the Commissioner applied the correct legal standards. Glenn v. Shalala, 21 F.3d 983, 984 (10th Cir. 1994). Substantial evidence requires more than a

---

[1] On January 20, 2017, Nancy A. Berryhill replaced Carolyn W. Colvin as Acting Commissioner of Social Security.

scintilla, but less than a preponderance, and is satisfied by such evidence that a reasonable mind might accept to support the conclusion. The determination of whether substantial evidence supports the Commissioner's decision is not simply a quantitative exercise, for evidence is not substantial if it is overwhelmed by other evidence or if it really constitutes mere conclusion. Ray v. Bowen, 865 F.2d 222, 224 (10th Cir. 1989). Although the court is not to reweigh the evidence, the findings of the Commissioner will not be mechanically accepted. Nor will the findings be affirmed by isolating facts and labeling them substantial evidence, as the court must scrutinize the entire record in determining whether the Commissioner's conclusions are rational. Graham v. Sullivan, 794 F. Supp. 1045, 1047 (D. Kan. 1992). The court should examine the record as a whole, including whatever in the record fairly detracts from the weight of the Commissioner's decision and, on that basis, determine if the substantiality of the evidence test has been met. Glenn, 21 F.3d at 984.

The Social Security Act provides that an individual shall be determined to be under a disability only if the claimant can establish that they have a physical or mental impairment expected to result in death or last for a continuous period of twelve months which prevents the claimant from engaging in substantial gainful activity (SGA). The claimant's physical or

mental impairment or impairments must be of such severity that they are not only unable to perform their previous work but cannot, considering their age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy. 42 U.S.C. § 423(d).

The Commissioner has established a five-step sequential evaluation process to determine disability. If at any step a finding of disability or non-disability can be made, the Commissioner will not review the claim further. At step one, the agency will find non-disability unless the claimant can show that he or she is not working at a "substantial gainful activity." At step two, the agency will find non-disability unless the claimant shows that he or she has a "severe impairment," which is defined as any "impairment or combination of impairments which significantly limits [the claimant's] physical or mental ability to do basic work activities." At step three, the agency determines whether the impairment which enabled the claimant to survive step two is on the list of impairments presumed severe enough to render one disabled. If the claimant's impairment does not meet or equal a listed impairment, the inquiry proceeds to step four, at which the agency assesses whether the claimant can do his or her previous work; unless the claimant shows that he or she cannot perform their previous work, they are determined not to be disabled. If

the claimant survives step four, the fifth and final step requires the agency to consider vocational factors (the claimant's age, education, and past work experience) and to determine whether the claimant is capable of performing other jobs existing in significant numbers in the national economy. Barnhart v. Thomas, 124 S. Ct. 376, 379-380 (2003).

The claimant bears the burden of proof through step four of the analysis. Nielson v. Sullivan, 992 F.2d 1118, 1120 (10th Cir. 1993). At step five, the burden shifts to the Commissioner to show that the claimant can perform other work that exists in the national economy. Nielson, 992 F.2d at 1120; Thompson v. Sullivan, 987 F.2d 1482, 1487 (10th Cir. 1993). The Commissioner meets this burden if the decision is supported by substantial evidence. Thompson, 987 F.2d at 1487.

Before going from step three to step four, the agency will assess the claimant's residual functional capacity (RFC). This RFC assessment is used to evaluate the claim at both step four and step five. 20 C.F.R. §§ 404.1520(a)(4), 404.1520(e,f,g); 416.920(a)(4), 416.920(e,f,g).

## II. History of case

On November 6, 2014, administrative law judge (ALJ) Rhonda Greenberg issued her decision (R. at 148-158). Plaintiff alleges that he has been disabled since April 23, 2012 (R. at 148). Plaintiff is insured for disability insurance benefits

through September 30, 2014 (R. at 150). At step one, the ALJ found that plaintiff did not engage in substantial gainful activity since the alleged onset date (R. at 150). At step two, the ALJ found that plaintiff had a severe combination of impairments (R. at 150). At step three, the ALJ determined that plaintiff's impairments do not meet or equal a listed impairment (R. at 153). After determining plaintiff's RFC (R. at 153), the ALJ found at step four that plaintiff is unable to perform any past relevant work (R. at 156). At step five, the ALJ found that plaintiff could perform other jobs that exist in significant numbers in the national economy (R. at 156-157). Therefore, the ALJ concluded that plaintiff was not disabled (R. at 157).

**III. Did the ALJ err in her evaluation of the medical opinion evidence?**

The opinions of physicians, psychologists, or psychiatrists who have seen a claimant over a period of time for purposes of treatment are given more weight than the views of consulting physicians or those who only review the medical records and never examine the claimant. The opinion of an examining physician is generally entitled to less weight than that of a treating physician, and the opinion of an agency physician who has never seen the claimant is entitled to the least weight of all. Robinson v. Barnhart, 366 F.3d 1078, 1084 (10th Cir. 2004).

When a treating source opinion is inconsistent with the other medical evidence, the ALJ's task is to examine the other medical source's reports to see if they outweigh the treating source's reports, not the other way around. Treating source opinions are given particular weight because of their unique perspective to the medical evidence that cannot be obtained from the objective medical findings alone or from reports of individual examinations, such as consultative examinations. If an ALJ intends to rely on a nontreating physician or examiner's opinion, he must explain the weight he is giving to it. Hamlin v. Barnhart, 365 F.3d 1208, 1215 (10th Cir. 2004). The ALJ must provide a legally sufficient explanation for rejecting the opinion of treating medical sources in favor of non-examining or consulting medical sources. Robinson, 366 F.3d at 1084.

A treating physician's opinion about the nature and severity of the claimant's impairments should be given controlling weight by the Commissioner if well supported by clinical and laboratory diagnostic techniques and if it is not inconsistent with other substantial evidence in the record. Castellano v. Secretary of Health & Human Services, 26 F.3d 1027, 1029 (10th Cir. 1994); 20 C.F.R. §§ 404.1527(d)(2), 416.927(d)(2). When a treating physician opinion is not given controlling weight, the ALJ must nonetheless specify what lesser weight he assigned the treating physician opinion. Robinson v.

6

Barnhart, 366 F.3d 1078, 1083 (10th Cir. 2004). A treating source opinion not entitled to controlling weight is still entitled to deference and must be weighed using all of the following factors:

(1) the length of the treatment relationship and the frequency of examination;
(2) the nature and extent of the treatment relationship, including the treatment provided and the kind of examination or testing performed;
(3) the degree to which the physician's opinion is supported by relevant evidence;
(4) consistency between the opinion and the record as a whole;
(5) whether or not the physician is a specialist in the area upon which an opinion is rendered; and
(6) other factors brought to the ALJ's attention which tend to support or contradict the opinion.

Watkins v. Barnhart, 350 F.3d 1297, 1300-1301 (10th Cir. 2003).

After considering the above factors, the ALJ must give good reasons in his/her decision for the weight he/she ultimately assigns the opinion. If the ALJ rejects the opinion completely, he/she must then give specific, legitimate reasons for doing so. Watkins, 350 F.3d at 1301.

Dr. Zhuang, plaintiff's treating physician,[2] filled out a questionnaire on September 13, 2013. He opined that plaintiff could sit for 4 hours and stand/walk for 4 hours in an 8 hour workday. She needs to continuously get up and move around, would need approximately 2 hours before she could sit again, and it would be necessary or recommended that she not stand/walk

---
[2] Dr. Zhuang indicated that plaintiff began treatment with him on November 24, 2010, and that he had been seeing him every six months. He last saw him on September 12, 2013, the day before he filled out the questionnaire (R. at 1077, 1084).

7

continuously in a work setting. She can lift/carry over 50 pounds. She has significant limitations in doing repetitive reaching, handling, fingering or lifting. Dr. Zhuang then stated that plaintiff has no limitations in grasping, turning, or twisting objects, no limitation in using his fingers or hand for fine manipulations, and no limitations in reaching (R. at 1079-1081).

Dr. Zhuang further indicated that plaintiff can do a full time competitive job that requires keeping the neck in a constant position on a sustained basis. However, her pain, fatigue or other symptoms are severe enough to interfere with attention and concentration frequently to constantly. He also found that plaintiff is capable of high stress work. Plaintiff will need periods of rest of 15-20 minutes before returning to work, and plaintiff will miss work more than 3 times a month due to impairments or treatment. Plaintiff should also not do any kneeling, bending or stooping (R. at 1081-1083).

The ALJ stated that she basically agreed with Dr. Zhuang's opinion that plaintiff can perform some type of basic work activity. The ALJ then stated:

> …there are some inconsistencies within this report. For example, Dr. Zhuang notes the claimant has significant limitations in repetitive reaching, handling or fingering, but later in this report, he indicated the claimant had no limitations in grasping, turning, twisting objects, using his

8

>               finger/hands for fine manipulation or using
>               his arms for reaching (including overhead).
>               Thereby, this report is given partial
>               weight.

(R. at 155).

The record also contains a RFC report from Dr. Listerman, dated September 9, 2013. Dr. Listerman did not examine or treat the patient, but reviewed the medical records. Dr. Listerman opined that plaintiff could sit for 6 hours, and stand/walk for 6 hours in an 8 hour workday. He opined that he had some postural, manipulative and environmental limitations (R. at 236-240). The ALJ gave substantial weight to the opinions of Dr. Listerman (R. at 155).

Plaintiff argues that the ALJ failed to adopt most of the physical limitations described by Dr. Zhuang or explain why such findings were rejected. This includes Dr. Zhuang's opinion that plaintiff can only sit for 4 hours a day and stand/walk for 4 hours a day; that his pain, fatigue or symptoms were severe enough to frequently to constantly interfere with attention and concentration; and that he would miss more than 3 days of work per month because of his impairments or treatment (Doc. 4 at 18; R. at 1079, 1082, 1083).

In his opinion, the ALJ stated that there were some inconsistencies in the record, and gave the example of Dr. Zhuang's inconsistent statements regarding plaintiff's ability

9

to reach, handle and finger, as set forth above. The ALJ stated that because of the inconsistencies, the report was only given partial weight. The ALJ noted that he agreed with Dr. Zhuang that plaintiff can perform some type of basic work activity (R. at 155).

The court will not reweigh the evidence or substitute its judgment for that of the Commissioner. Hackett v. Barnhart, 395 F.3d 1168, 1173 (10th Cir. 2005); White v. Barnhart, 287 F.3d 903, 905, 908, 909 (10th Cir. 2002). Although the court will not reweigh the evidence, the conclusions reached by the ALJ must be reasonable and consistent with the evidence. See Glenn v. Shalala, 21 F.3d 983, 988 (10th Cir. 1994)(the court must affirm if, considering the evidence as a whole, there is sufficient evidence which a reasonable mind might accept as adequate to support a conclusion). The court can only review the sufficiency of the evidence. Although the evidence may support a contrary finding, the court cannot displace the agency's choice between two fairly conflicting views, even though the court may have justifiably made a different choice had the matter been before it de novo. Oldham v. Astrue, 509 F.3d 1254, 1257-1258 (10th Cir. 2007).

Medical evidence may be discounted if it is internally inconsistent or inconsistent with other evidence. Pisciotta v. Astrue, 500 F.3d 1074, 1078 (10th Cir. 207). The ALJ, because of

10

inconsistencies within Dr. Zhuang's report, including one set forth by the ALJ, only gave partial weight to his opinion. There clearly is an inconsistency in Dr. Zhuang's report when he stated that plaintiff has "significant" limitations in doing repetitive reaching, handling, fingering or lifting, and then states that plaintiff has "no" limitations in grasping, turning, or twisting objects; using fingers/hands for fine manipulations; or using his arms for reaching, including overhead. It is not unreasonable for the ALJ to discount not only Dr. Zhuang's opinions regarding plaintiff's manipulative limitations because of this inconsistency; this inconsistency could also serve as a valid basis for the ALJ to discount other limitations contained in Dr. Zhuang's report as well. It is not for this court to reweigh the evidence or substitute its judgment for that of the ALJ.

Furthermore, other portions of Dr. Zhuang's report also appear to be inconsistent. The ALJ indicated that:

>    -Plaintiff can sit for 4 hours and stand/walk for 4 hours in an 8 hour workday.
>
>    -It is necessary or recommended that plaintiff not sit continuously.
>
>    -Plaintiff must get up and move around continuously.
>
>    -When plaintiff gets up and moves around, it will be about 2 hours before plaintiff can sit again.

>            -It is necessary or medically recommended
>             that plaintiff not stand/walk continuously
>             in a work setting.

(R. at 1079-1080). Thus, Dr. Zhuang's report indicates that when plaintiff gets up from sitting, it will be about 2 hours before plaintiff can sit again. However, Dr. Zhuang then states that plaintiff not stand/walk continuously in a work setting. Dr. Zhuang indicates that plaintiff can sit for 4 hours and stand/walk for 4 hours in an 8 hour workday; he does not indicate that plaintiff needs to lie down during the workday. If plaintiff, when he gets up from sitting, needs to move around or stand/walk for 2 hours before sitting again, that seems to contradict Dr. Zhuang's statement that plaintiff not stand/walk continuously in a work setting. Furthermore, if plaintiff has to get up from sitting continuously, and stand or walk, and cannot sit again for 2 hours, it is not at all clear how plaintiff can sit for 4 hours in an 8 hour workday. Therefore, on its face, there do appear to be some inconsistencies in Dr. Zhuang's report which serve as a valid basis for discounting many of the limitations contained in his report. For this reason, the court finds no error by the ALJ in her analysis of, and the weight accorded to, Dr. Zhuang's opinions.

**IV. Did the ALJ err in her credibility analysis?**

Credibility determinations are peculiarly the province of the finder of fact, and a court will not upset such

determinations when supported by substantial evidence. However, findings as to credibility should be closely and affirmatively linked to substantial evidence and not just a conclusion in the guise of findings. Kepler v. Chater, 68 F.3d 387, 391 (10th Cir. 1995). Furthermore, the ALJ cannot ignore evidence favorable to the plaintiff. Owen v. Chater, 913 F. Supp. 1413, 1420 (D. Kan. 1995).

When analyzing evidence of pain, the court does not require a formalistic factor-by-factor recitation of the evidence. So long as the ALJ sets forth the specific evidence he relies on in evaluating the claimant's credibility, the ALJ will be deemed to have satisfied the requirements set forth in Kepler. White v. Barnhart, 287 F.3d 903, 909 (10th Cir. 2002); Qualls v. Apfel, 206 F.3d 1368, 1372 (10th Cir. 2000). Furthermore, the ALJ need not discuss every relevant factor in evaluating pain testimony. Bates v. Barnhart, 222 F. Supp.2d 1252, 1260 (D. Kan. 2002). An ALJ must therefore explain and support with substantial evidence which part(s) of claimant's testimony he did not believe and why. McGoffin v. Barnhart, 288 F.3d 1248, 1254 (10th Cir. 2002). It is error for the ALJ to use standard boilerplate language which fails to set forth the specific evidence the ALJ considered in determining that a claimant's complaints were not credible. Hardman v. Barnhart, 362 F.3d 676, 679 (10th Cir. 2004). On the other hand, an ALJ's credibility determination

which does not rest on mere boilerplate language, but which is linked to specific findings of fact fairly derived from the record, will be affirmed by the court. White, 287 F.3d at 909-910.

In addition to the ALJ's analysis of the medical records, the ALJ noted records indicating some exaggeration of symptoms and limitations (R. at 154, 714-715, 718, 745). The ALJ also noted plaintiff's daily activities, including yard work, driving long distances, moving parts in a garage, welding and making wagons (R. at 155). The medical records also indicate that plaintiff told his medical providers that he was applying for disability benefits and was not interested in employment (R. at 155, 1267). Dr. Listerman found that plaintiff's allegations of restrictions appear only partially credible at best, and specifically found that plaintiff's allegations of limitations for lifting, standing, walking, bending, and stair climbing are not credible and are not supported by clinical findings (R. at 239-240).

The court will not reweigh the evidence. Furthermore, the court finds no clear error in the ALJ's credibility analysis. The court finds that the balance of the ALJ's summary and evaluation of the evidence and her credibility findings are supported by substantial evidence in the record. Branum v. Barnhart, 385 F.3d 1268, 1274 (10th Cir. 2004)("While we have

14

some concerns regarding the ALJ's reliance on plaintiff's alleged failure to follow a weight loss program and her performance of certain minimal household chores, we conclude that the balance of the ALJ's credibility analysis is supported by substantial evidence in the record").

IT IS THEREFORE ORDERED that the judgment of the Commissioner is affirmed pursuant to sentence four of 42 U.S.C. § 405(g).

Dated this 17th day of May 2017, Topeka, Kansas.

Sam A. Crow
Sam A. Crow, U.S. District Senior Judge